# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MONTEL THEOPOLIS JONES,

    Defendant.

No. CR06-1021-LRR

**ORDER**

---

    This matter is before the court pursuant to its order dated February 9, 2012 (docket no. 76) and the defendant's motion to reduce sentence under 18 U.S.C. § 3582 (docket no. 79), which he filed on October 15, 2012. In its order, the court addressed whether the defendant's sentence should be reduced. After outlining the applicable provisions, it stated:

> [T]he court is unable to rely on Amendment 750 (Parts A and C only) to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. *See generally United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Based on a total adjusted offense level of 37 and a criminal history category of I, the court previously determined the defendant's guideline range to be 210 to 262 months. The court sentenced the defendant to 210 months on count 1 of the indictment. On December 2, 2008, the court applied Amendments 706 and 715 to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. Based on Amendments 706 and 715, the court determined the defendant's amended guideline range to be 168 to 210 months based on an adjusted total offense level of 35 and a criminal history category of I. Consequently, the court reduced the defendant's sentence to a total term of 168 months, which was the maximum reduction

permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. Here, Amendment 750 (Parts A and C only) does not have the effect of lowering the defendant's guideline range. The defendant still faces a guideline range of 168 to 210 months based on an adjusted total offense level of 35 and a criminal history category of I. Because the applicable guideline range is the same as the 2008 guideline range, the defendant is not entitled to a further reduction of his sentence. *See* USSG §1B1.10(a)(2)(B) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."); USSG §1B1.10, comment. (n.1) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range); *see also United States v. Roa-Medina*, 607 F.3d 255, 260-61 (1st Cir. 2010) (holding that a sentence reduction under 18 U.S.C. § 3582(c)(2) was not available because the amendment does not have the effect of lowering the defendant's applicable guideline range); *United States v. Spells*, 322 Fed. App'x 171, 173 (3d Cir. 2009) (rejecting the argument that a decrease in the base offense level gave the district court authority to reduce a sentence when there was no change in the applicable sentencing range); *United States v. Lindsey*, 556 F.3d 238, 242-46 (4th Cir. 2009) (concluding that the defendant could not rely on 18 U.S.C. § 3582(c)(2) because the amendment does not have the effect of lowering the applicable guideline range); *United States v. Caraballo*, 552 F.3d 6, 10-12 (1st Cir. 2008) (holding that a defendant must establish that an amended guideline has the effect of lowering the sentencing range actually used at his or her sentencing in order to engage the gears of 18 U.S.C. § 3582(c)(2)); *United States v. McFadden*, 523 F.3d 839, 840-41 (8th Cir. 2008) (concluding that, unless the applicable sentencing range changes, a reduction in the base offense level does not allow for a sentence reduction); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (finding that, although the amendment did lower the defendant's offense level, the district court did not err when it summarily

> denied the defendant's motion under 18 U.S.C. § 3582(c)(2) because the amended guideline range remained the same). Accordingly, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted.

The court was mistakenly informed that it had attributed 1.03 kilograms of crack to the defendant. A review of the sentencing transcript indicates that the parties disputed drug quantity and the court found the defendant distributed at least 500 but less than 1500 grams of crack cocaine, which resulted in a base offense level of 37 under USSG §2D1.1(c) and USSG §2D1.2(a). The court did not hold him responsible for 1.03 kilograms of crack. As a result of Amendment 750 (Parts A and C only), 500 grams of crack now results in a base offense level of 33.[1] Consequently, the defendant no longer faces an amended guideline range of 168 to 210 months imprisonment.

Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.[2] The defendant's previously imposed 210 month term of imprisonment, as reflected in the judgment dated March 22, 2007, is reduced to 135 months imprisonment. The defendant's new term of 135 months

---

[1] Under USSG §2D1.1(c), offense level 32 now includes at least 280 grams but less than 840 grams of crack. And, one level is added under USSG §2D1.2(a) for protected location.

[2] For purposes of the instant order, the court relied on the following determinations:

| Previous Offense Level: | 37 | Amended Offense Level: | 33 |
| --- | --- | --- | --- |
| Criminal History Category: | I | Criminal History Category: | I |
| Previous Guideline Range: | 210 to 262 months | Amended Guideline Range: | 135 to 168 months |

The reduced sentence of 135 months imprisonment is within the amended guideline range.

imprisonment applies to count 1 of the indictment.  Except as provided above, all provisions of the judgment dated March 22, 2007 remain in effect.  The duration and conditions of the defendant's supervised release remain unchanged.

The clerk's office is directed to send and fax a copy of this order to the Bureau of Prisons, that is, the place where the defendant, USM No. 09830-029, is currently incarcerated.  The clerk's office is also directed to send a copy of this order to the office of the Federal Public Defender and the office of the United States Probation.  Lastly, the clerk's office is directed to satisfy the defendant's motion to motion to reduce sentence under 18 U.S.C. § 3582.

**IT IS SO ORDERED**.

**DATED** this 16th day of October, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA